**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |
|---|---|
| **PERDUE FOODS LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>**JOHN SOULES FOODS, INC.**<br><br>*Defendant.* | Civil Action No. 3:26-cv-584 |

**<u>COMPLAINT</u>**

Plaintiff Perdue Foods LLC ("Plaintiff" or "Perdue"), by counsel, brings this Complaint against Defendant John Soules Foods, Inc. ("Defendant" or "Soules"), alleging as follows:

**Nature of the case**

1.      This is an action for false designation of origin, trademark and trade dress infringement, and unfair competition arising from Soules' adoption of the "67" designation and a highly similar breaded-numeral logo and packaging presentation for frozen chicken nuggets after Perdue launched and nationally promoted its 6 7 Chicken Nuggets.

2.      Soules' use is likely to confuse consumers and retail buyers as to affiliation, sponsorship, approval, and/or source.

3.      Soules' use has already caused concrete marketplace harm: at least one major retailer refused to carry Perdue's product because the retailer would be carrying Soules' competing "67 Chicken Nuggets" product.

4.      Soules' actions violate the Lanham Act, 15 U.S.C. § 1125, infringe Perdue's trademark rights, and constitute common law unfair competition. Perdue seeks damages and

1

injunctive relief to stop the use of Soules' infringing and confusing marks.

## Parties

5.      Perdue is a Maryland limited liability company with its principal place of business in Maryland.

6.      Perdue is a leading food and agricultural company recognized nationally for quality, service, and reliability. Perdue supplies major grocery chains, mass merchandisers, club stores, and wholesale distributors with Perdue-branded food products, most prominently chicken products, throughout the United States, including in Virginia and this District. Perdue's 6 7 Chicken Nuggets have been sold through Walmart stores nationwide, and Perdue has marketed and sought expanded retail placement for that product with major national retailers, including retailers with stores in Virginia and this District.

7.      Soules is a Texas corporation with its principal place of business in Tyler, Texas. Upon information and belief, Soules does business as, and/or has publicly rebranded itself as, Soules Foods, and sells retail products under the Soules Kitchen brand.

8.      Soules is a provider of prepared chicken and beef products to retail stores through the Soules Foods and Soules Kitchen names. Soules manufactures, markets, distributes, offers for sale, and sells prepared chicken products in many of the same retail channels and geographic markets as Perdue, including in Virginia.

## Jurisdiction and Venue

9.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121 for Perdue's claim arising out of Soules' violation of 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the remaining claims.

10.      This Court has personal jurisdiction over Soules under Virginia Code § 8.01-328.1

2

and the Due Process Clause because Soules, directly and through its agents, brokers, distributors, and national retail partners, transacts business in Virginia; contracts to supply prepared chicken products for sale in Virginia; derives substantial revenue from prepared chicken and other food products sold in Virginia; and has purposefully directed the "67 Chicken Nuggets" product, packaging, advertising, promotional materials, and planned retail distribution to retailers and consumers in Virginia, including in this District. Perdue's claims arise from those Virginia-directed activities because Soules' designation, packaging, advertising, and planned retail distribution are likely to cause confusion and have caused or threaten to cause injury to Perdue's goodwill, retailer relationships, and sales opportunities in Virginia.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2), and (d), and in the Richmond Division under Local Civil Rule 3(C), because a substantial part of the events and omissions giving rise to Perdue's claims occurred or will occur in this District and Division. Soules has marketed, offered, and/or arranged for distribution of the product to retailers and consumers in Virginia, including in the Richmond Division; Soules has publicly announced distribution through national retailers with stores in Virginia and the Richmond Division; Perdue has used, sold, marketed, and developed goodwill in the Perdue 6 7 Marks in Virginia and the Richmond Division; and Perdue has lost or is threatened with losing retail opportunities involving retailers with stores in Virginia and the Richmond Division.

### Factual Allegations

12.    In April 2026, Perdue launched a new product called "6 7 Chicken Nuggets."

13.    Perdue owns various trademarks related to its 6 7 Chicken Nuggets (referred to herein as the "Perdue 6 7 Marks") and has applied to register the Perdue 6 7 Marks with the USPTO under Serial Nos. 99796669, 99796671, and 99797059:

3

- 6 7 – Serial Number 99796669



- – Serial Number 99796671

- – Serial Number 99797059

14.    In addition to the Perdue 6 7 Marks, Perdue has developed distinctive packaging trade dress for its 6 7 Chicken Nuggets. The packaging trade dress includes the overall combination and commercial impression of the prominent "6 7" product designation, illustrated breaded chicken-nugget numerals 6 and 7, cartoon hands supporting or carrying the numerals, and playful hand-drawn stars, smiley faces, squiggles, and youth-oriented styling on Perdue's packaging and related advertising. This combination, taken as a whole, is nonfunctional and not essential to the use or purpose of chicken nuggets, is unique or unusual for chicken nuggets, does not affect the cost or quality of the goods, and serves to identify Perdue's product and Perdue as the source, sponsor, or approver of the product.

15.    Perdue publicly announced its 6 7 Chicken Nuggets on April 16, 2026, and immediately began nationally promoting the product. Perdue began using the Perdue 6 7 Marks in interstate commerce at least as early as April 27, 2026, when Perdue fulfilled giveaway orders by shipping marked product across state lines to consumers. By May 1, 2026, Perdue's 6 7 Chicken Nuggets were available at Walmart stores nationwide.

16.    Perdue filed trademark applications for the Perdue 6 7 Marks with the U.S. Patent and Trademark Office on April 30, 2026.

17.    The Perdue 6 7 Marks are used prominently on product packaging for Perdue's 6 7 Chicken Nuggets, and have been sold through Walmart stores nationwide, including Walmart stores in Virginia.

18.    Perdue uses the Perdue 6 7 Marks as source-identifying trademarks for Perdue's chicken nuggets, not merely as decoration or an informational reference.

19.    On Perdue's packaging, website, advertising, and promotional materials, the Perdue 6 7 Marks appear prominently as the product name and as a distinctive stylized logo in connection with the PERDUE® house mark.

20.    Consumers and retail buyers encountering Perdue's product understand the Perdue 6 7 Marks to identify Perdue's product and Perdue as the source, sponsor, or approver of the product.

21.    The Perdue 6 7 Marks are also used in advertising for Perdue's 6 7 Chicken Nuggets, including on Perdue's website at www.perdue.com, www.perdue.com/product/67-chicken-nuggets, and www.perduefarms.com.

22.    Representative images from Perdue's website and advertising are shown below:





23.     Since Perdue announced and launched the product, Perdue's 6 7 Chicken Nuggets have been referenced nationally in a segment on *Late Night with Seth Meyers*, BuzzFeed Tasty, Dexerto, Men's Journal, PureWow, and many other media outlets.

24.     More than a month after Perdue launched and nationally promoted its 6 7 Chicken Nuggets, Soules announced and promoted a directly competing chicken-nugget product using the same "6 7" designation and a highly similar breaded-numeral design.

25.     Soules' product is sold and promoted as "67 Chicken Nuggets." The dominant commercial impression of Soules' designation is the same as Perdue's 6 7 designation.

26.     Soules' use appears on the same type of product—frozen chicken nuggets—and is directed to the same ordinary grocery consumers and retail buyers through overlapping grocery and mass-retail channels.

27.     Soules' designation, logo, packaging, trade dress, and promotional presentation use the same core source-identifying elements of Perdue's presentation: the 6 7 product designation, breaded chicken-nugget numerals 6 and 7, cartoon hands holding or supporting the numerals, playful youth-oriented styling, and doodle-style background elements including stars and smiley

faces. Soules' designation, logo, packaging, trade dress, advertising, website content, and promotional materials are referred to collectively as the "Challenged Branding."

28.     A side-by-side comparison of Perdue's product packaging with the Perdue 6 7 Marks and the Challenged Branding is provided below:

 

29.     As shown above, both products use the same 6 7 designation as the dominant product name for chicken nuggets: Perdue uses "6 7" and "6-7," while Soules uses "67."

30.     Soules uses the Challenged Branding on its product packaging and in advertising, including on its website and product page.

31.     Representative images of the Challenged Branding on Soules' website are below:





32. Soules has publicly announced that its "67 Chicken Nuggets" product will be sold in Kroger and ALDI stores nationwide beginning in July 2026. Soules' product page likewise promotes the product as a limited-time "67 Chicken Nuggets" product and directs consumers to find it in Kroger or ALDI stores this summer.

33. Given the above facts, Soules' use of the Challenged Branding is likely to cause consumers and retail buyers to believe mistakenly that Soules' product originates with, is affiliated with, or is sponsored, approved, or authorized by Perdue.

34. Perdue has already suffered concrete marketplace harm.

35. A major national grocery retailer refused to authorize or carry Perdue's 6 7 Chicken Nuggets because the retailer would be carrying Soules' competing "67 Chicken Nuggets" product.

36. The lost retail placement has deprived Perdue of shelf space, sales opportunities, customers, market share, retailer goodwill, and the ability to maximize a time-sensitive limited-edition launch window. Those harms are imminent and continuing because Soules is a direct competitor and has announced nationwide retail distribution of its product beginning in July 2026.

37. Additionally, because Perdue has no ability to correct or control Soules' actions or

Soules' products, consumer confusion associating Perdue with Soules' 67 Chicken Nuggets product robs Perdue of control over its own reputation and goodwill with consumers.

38.    Perdue is aware of at least one example of actual consumer confusion. In connection with an Instagram post, originally by Dexerto and re-posted by another user, regarding Soules' release of its 67 Chicken Nuggets product, a user commented on the post: "I saw 67 nuggets at walmart 3 weeks ago." This reflects consumer confusion because only Perdue's 6 7 Chicken Nuggets are sold at Walmart, not Soules' product, thus the consumer actually saw Perdue's product. A representative screenshot of that Instagram post and comment is shown below:



39.    On June 9, 2026, Perdue's counsel sent a cease-and-desist letter to counsel for Soules, demanding that Soules discontinue all use of the Challenged Branding, among other things.

40.    On June 17, 2026, Soules responded to Perdue's cease-and-desist letter and stated that it would not agree to cease its challenged use.

41.   As of the filing of this Complaint, Soules has not agreed to cease its challenged use.

42.   Upon information and belief, Soules was aware of Perdue's earlier launch and national promotion before adopting the designation and packaging.

43.   Perdue's launch received national attention, Perdue's product was promoted through Walmart and Perdue's national digital channels, and Soules adopted not merely the same unusual 6 7 product designation but the same core visual concept on the same product.

## COUNT I
## (False Designation of Origin, Trademark and Trade Dress Infringement, and Unfair Competition in violation of 15 U.S.C. § 1125(a))

44.   Perdue incorporates all factual allegations made above as if fully set forth herein.

45.   The Lanham Act prohibits Soules from using in commerce, in connection with goods or services, any word, term, name, symbol, device, false designation of origin, or false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to affiliation, connection, association, origin, sponsorship, or approval by another person.

46.   Through Perdue's use of the Perdue 6 7 Marks in connection with the distribution, sale, offering for sale, and advertising of Perdue's 6 7 Chicken Nuggets beginning no later than April 27, 2026, Perdue owns rights in the Perdue 6 7 Marks.

47.   Perdue's use of the Perdue 6 7 Marks in connection with the sale and offering for sale of Perdue's 6 7 Chicken Nuggets, including on product packaging, in advertising, and on Perdue's website, predates Soules' use of the Challenged Branding.

48.   Perdue's packaging trade dress is inherently distinctive and nonfunctional and identifies Perdue as the source, sponsor, or approver of Perdue's 6 7 Chicken Nuggets.

49.   Soules' designations, logos, packaging, trade dress, and promotional materials are confusingly similar to the Perdue 6 7 Marks and Perdue's packaging trade dress and create the

10

same overall commercial impression.

50.     As described above, Soules has used the Challenged Branding in connection with the offering for sale, planned distribution, promotion, and advertising of Soules' 67 Chicken Nuggets product, including on its product packaging and on Soules' website.

51.     Soules' use has occurred in interstate commerce, including through national advertising and promotion, product packaging, online product pages, retailer-facing sales and distribution activities, and planned nationwide retail distribution through Kroger and ALDI.

52.     Soules' use of the Challenged Branding is likely to cause confusion, mistake, or deception as to the source, sponsorship, approval, affiliation, connection, or association of Soules' product with Perdue.

53.     Soules' use has also caused or contributed to online marketplace conflation between Soules' product and Perdue's 6 7 Chicken Nuggets.

54.     Soules' use has already irreparably harmed Perdue. As described above, a major national grocery retailer refused to authorize or carry Perdue's 6 7 Chicken Nuggets because the retailer would be carrying Soules' competing 67 Chicken Nuggets product. That lost retail placement has caused marketplace harm, lost sales opportunities, and loss of shelf space and goodwill that cannot be fully remedied by damages.

55.     Perdue has no adequate remedy at law for the foregoing wrongful conduct. Perdue has been, and absent injunctive relief will continue to be, irreparably harmed by Soules' actions.

56.     Upon information and belief, Soules has been, or absent injunctive relief will be, unjustly enriched at the expense of Perdue as a consequence of the foregoing wrongful conduct.

57.     Soules should be ordered to disgorge any profits and other ill-gotten gains received as a result of its wrongful conduct.

11

58.    Perdue has also been damaged, including financially and in the marketplace, and is entitled to damages and costs incurred as a result of Soules' wrongful conduct.

59.    Soules' conduct is willful. Soules adopted the "67" designation and highly similar breaded-numeral/cartoon-hands design after Perdue had launched and nationally promoted its 6 7 Chicken Nuggets. Soules then continued to advertise, promote, and prepare to distribute the product despite Perdue's written notice of infringement dated June 9, 2026.

60.    This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a), entitling Perdue to recover its attorneys' fees.

## COUNT II
### (Virginia Common Law Trademark Infringement)

61.    Perdue incorporates all factual allegations made above as if fully set forth herein.

62.    Through Perdue's use of the Perdue 6 7 Marks in connection with the sale, offering for sale, and advertising of Perdue's 6 7 Chicken Nuggets throughout the country since on or about April 27, 2026, the Perdue 6 7 Marks constitute valid trademarks that Perdue owns.

63.    Perdue's use of the Perdue 6 7 Marks in connection with the sale and offering for sale of Perdue's 6 7 Chicken Nuggets, including product packaging, in advertising, and on Perdue's website, predates Soules' use of the Challenged Branding.

64.    For the same reasons described above, Soules is liable for common law trademark infringement.

65.    Perdue has no adequate remedy at law for the foregoing wrongful conduct. Perdue has been, and absent injunctive relief will continue to be, irreparably harmed by Soules' actions.

66.    On information and belief, Soules has been unjustly enriched at the expense of Perdue as a consequence of Soules' use of the Challenged Branding.

67.    Perdue has been damaged, including financially and in the marketplace, and is

entitled to damages and costs incurred as a result of Soules' wrongful conduct.

## COUNT III
### (Virginia Common Law Unfair Competition)

68.    Perdue incorporates all factual allegations made above as if fully set forth herein.

69.    For the same reasons as described above, Soules is liable for common law unfair competition.

70.    Perdue has no adequate remedy at law for the foregoing wrongful conduct. Perdue has been, and absent injunctive relief will continue to be, irreparably harmed by Soules' actions.

71.    On information and belief, Soules has been unjustly enriched at the expense of Perdue as a consequence of Soules' wrongful conduct.

72.    Perdue has been damaged, including financially and in the marketplace, and is entitled to damages and costs incurred as a result of Soules' wrongful conduct.

## Prayer for Relief

WHEREFORE, Perdue prays for:

A.    Judgment that Soules has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is liable for common law trademark infringement and unfair competition.

B.    Preliminary and permanent injunctive relief ordering that Soules, its officers, agents, employees, attorneys, representatives, and distributors and retailers acting in active concert or participation with Soules, and all other persons in active concert or participation with Soules who receive actual notice of the Court's order, be enjoined from using in commerce, in connection with chicken nuggets, frozen poultry products, or closely related food products:

    i. the designations "6 7," "6-7," "67," or confusingly similar variants as a

13

product name, trademark, source-identifying designation, or promotional designation;

ii. any design, logo, packaging, label, webpage, advertisement, social-media content, point-of-sale material, or promotional material depicting the numerals 6 and 7 as breaded chicken nuggets held, carried, or supported by cartoon or gloved hands, or any confusingly similar design; and

iii. any packaging, labels, displays, advertisements, promotional materials, or other materials bearing the restrained designations or designs, including an order requiring Soules to recall, remove from distribution, sequester, disable, modify, deliver up, or destroy such materials as the Court deems appropriate.

C.    An order requiring Soules to file with the Court and serve on Perdue, within 30 days after service of the injunction, a report under oath setting forth in detail the manner and form in which Soules has complied with the injunction.

D.    An order awarding Perdue its actual damages resulting from Soules' acts complained of herein, in an amount to be determined at trial, together with any enhancement of damages permitted under 15 U.S.C. § 1117(a).

E.    An order awarding Perdue all profits attributable to Soules' acts complained of herein, in an amount to be determined at trial, together with any adjustment or enhancement permitted under 15 U.S.C. § 1117(a).

F.    An order awarding Perdue its attorneys' fees and costs under 15 U.S.C. § 1117(a).

G.    Such other and further relief as this Court deems just and proper.

14

**Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Perdue hereby demands a trial by jury.

Dated: June 23, 2026

Respectfully submitted,

VENABLE LLP

*/s/ Roger A. Colaizzi*
Roger A. Colaizzi (VSB No. 32651)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
rcolaizzi@venable.com

Kevin W. Weigand (VSB No. 81073)
Christian R. Schreiber (VSB No. 89544)
1850 Towers Crescent Plaza, Suite 400
Tysons, VA 22182
Tel: (703) 760-1600
Fax: (703) 821-8949
kwweigand@venable.com
crschreiber@venable.com

*Counsel for Plaintiff Perdue Foods LLC*