# EXHIBIT 4



600 MASSACHUSETTS AVE., NW    WASHINGTON, DC 20001
**T** 202.344.4000  **F** 202.344.8300   www.Venable.com

**Rebecca A. Liebowitz**
**rliebowitz@venable.com**
**(202) 344.4976**

June 9, 2026

**VIA E-MAIL:** **trademark@maierandmaier.com**

Timothy J. Maier
Maier & Maier, PLLC
345 South Patrick St.
Alexandria, VA 22314

Re:    Use of 6 7 and logos by John Soules Foods, Inc.
Our Reference: 29546-629070

Dear Mr. Maier:

We are intellectual property counsel for Perdue Foods LLC ("Perdue").  As you may know, Perdue is a leading food and agricultural company recognized globally for quality, service and reliability. Perdue is also the owner of various trademarks related to its recently launched 6 7 nuggets including:

- 6 7 – Serial Number 99/796669



- - Serial Number 99796671



- - Serial Number 99797059

These applications were filed April 30, 2026 based on use since April 27, 2026.  Since their release, the product has been referenced nationally including in a late-night feature on Seth Meyers, BuzzFeed Tasty, Dexerto, Men's Journal, Purewow and many other media outlets.



Timothy J. Maier
Page 2

It has recently come to our attention that your client, John Soules Foods, Inc. ("Soules") has just released a 6 7 nugget using both an identical name and identical logos on the packaging. We are writing to you as attorney of record for other Soules trademarks; if our letter should be directed elsewhere, please advise.

Perdue is quite concerned that such use and registration of nearly identical marks on products that are identical to Perdue's will result in confusion among consumers as to the association and source of sponsorship between your products and those of Perdue.

This is especially true because the marks are identical, the logos are identical, appear on the same products, are sold in similar packaging, and travel through the same channels of trade (e.g., retail big box stores):



Specifically, as can be seen above, not only are both products simply called 6 7 but Soules has adopted a virtually identical logo – namely breaded 6 7 nuggets carried by cartoon hands. The packages themselves contain other similarities including various designs, including stars and smiley faces in the background.

The fact that each product purports to be for a limited time has no relevance to whether there is a likelihood of confusion among consumers. In fact, notwithstanding that Perdue was first to the marketplace with its 6 7 product by over a month, Perdue has been stymied in its ability to market to certain stores because these stores believe there is a likelihood of consumer confusion between two identical 6 7 nugget products – so much so that they refuse to carry both. This in and of itself establishes there has already been marketplace and financial damage to Perdue as a result of the Soule's product.



Timothy J. Maier
Page 3

   With that said, Perdue would prefer to resolve this matter amicably and believes this may be possible if your client is willing to comply with certain terms. Specifically, we request that your client, on behalf of itself and any affiliated parties, licensees, and successors in interest:

   (i)  discontinue all use of the 6 7 mark, including the numbers 6 and 7, the logos, and any other marks confusingly similar to marks owned by Perdue, and agree to refrain from future use of the marks in any manner, including but not limited to use in connection with food items and all advertising and promotional materials related thereto (including social media);

   (ii)  provide a list of all locations where the 6 7 products are/were/will be sold and/or distributed; and

   (iii)  provide an accounting of all profits received by your client in connection with its use of the 6 7 marks.

   We look forward to receiving your response by **June 16, 2026**.

   Nothing contained in this letter should be considered as a waiver of any rights and claims of Perdue. We hereby reserve all such rights and remedies under both law and equity.

   We look forward to your response and your client's anticipated cooperation.

          Sincerely,

          Rebecca A. Liebowitz

BAL/

cc:  rcolaizzi@venable.com